IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS ROBERTO CASTILLO, et al., § § Plaintiffs, § § v. § § JUAN D. HERNANDEZ, et al., § § Defendants. § § ——————————————— § JUAN D. HERNANDEZ, et al., § § Counter-Plaintiffs, § § v. § § OSCAR CORDOVA RIVAS, § § Counter-Defendant. § | EP-10-CV-247-KC |

## ORDER

On this day, the Court considered "Counter-Defendant's Motion to Dismiss Counter-Plaintiffs' Counterclaims" ("Motion"), ECF No. 43. For the reasons set forth herein, Counter-Defendant's Motion is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

Oscar Cordova Rivas ("Cordova Rivas"), and other Plaintiffs sued Juan D. Hernandez and Irma Hernandez ("Hernandezes") on July 7, 2010, for failing to pay wages that were in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-19 to -26 ("MWA"). Pls.' First Am.

1

Compl. 1, ECF No. 1.  Cordova Rivas and other Plaintiffs also claimed they were victims of retaliatory firing for their decision to seek counsel.  *Id.* at 2.  The Court authorized the case to proceed as a collective action on November 4, 2010.  *See* Order 15, Nov. 4, 2010, ECF No. 31.

The Hernandezes then proceeded to bring counterclaims against Cordova Rivas on December 23, 2010.  Defs.' Countercl. 2, ECF No. 42.  The Hernandezes alleged that Cordova Rivas, during his employment, sold materials and products owned by the Hernandezes' company for personal gain without the knowledge or permission of the Hernandezes.  *Id.*  The Hernandezes' counterclaims rest solely on these alleged facts.  *Id.*  Specifically, the Hernandezes stated that Cordova Rivas was "liable for conversion of funds and property by unauthorized sales of said items for his own personal gain and without the express written permission or knowledge of [the Hernandezes]."  *Id.*  The Hernandezes also stated that Cordova Rivas was liable for "fraud on [the Hernandezes] by his diversion of property, the conversion of funds, and the diversion of funds for his personal use."  *Id.*  The Hernandezes seek actual damages, statutory damages, exemplary damages, and attorney's fees.  *Id.* at 2-3.

Cordova Rivas now moves to dismiss the Hernandezes' counterclaims for conversion and fraud.  *See* Mot.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a pleading on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins*

*v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a pleading need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's pleading must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Id.* at 570.  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A counterclaim must be pleaded in the same way as an original claim.  *See Todd v. Hawk*, 72 F.3d 443, 445 n.8 (5th Cir. 1995) (noting that the Rule 8 pleading requirements apply to counterclaims (citing Fed. R. Civ. P. 8(a))).  Therefore, in order to survive a Rule 12(b)(6) motion to dismiss, a counterclaim must meet the same requirements as an original claim.  *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

B.  **Hernandezes' Counterclaim for Conversion**

In his Motion, Cordova Rivas argues that the Hernandezes' counterclaim for conversion lacks the requisite factual support required under *Twombly*, and should therefore be dismissed. Mot. 4.  To establish a claim for conversion, a plaintiff must show that "(1) he legally possessed or was entitled to [the property]; (2) the defendant exercised dominion or control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; (4) and the defendant refused." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009) (citing *Small v. Small*, 216 S.W.3d 872, 877 (Tex. App. 2007)).  The third and fourth elements of demand and refusal are not necessary, however, when the defendant "acquires the property without authority and disposes of it by sale to a third party." *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91, 95 (Tex. Civ. App. 1979).[1]  Therefore, to survive a Rule 12(b)(6) motion to dismiss, the pleading must allege sufficient facts to show that satisfaction of the elements of conversion is plausible on its face. *See Twombly*, 550 U.S. at 570.

Here, viewing the pleadings in a light most favorable to the Hernandezes, there is just enough factual support to establish a counterclaim that is plausible on its face. *See Twombly*, 550 U.S. at 570.  The Hernandezes allege that "[Cordova Rivas] is liable for conversion of funds and

---

[1] The Court applies the laws of Texas, the forum state, because there is no conflict between the laws of the states.  *See Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005).  Here, the alternative would be to apply New Mexico law on conversion and fraud, which is substantially identical to that of Texas. *See In re Yalkut*, 173 P.3d 1119, 1126 (N.M. 2008) ("Conversion is the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made."); *Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005) (defining fraud as a misrepresentation of fact, with either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, intent to deceive and to induce reliance on the misrepresentation, and detrimental reliance on the misrepresentation).

property by unauthorized sales of said items for his own personal gain and without the express written permission or knowledge of [the Hernandezes]." Countercl. 2. The Hernandezes sufficiently identify what was converted by Cordova Rivas, by stating "materials and products owned by Pallets of El Paso." *Cf. Wachovia Bank, Nat'l Assoc. v. Metro Automation*, Civ. A. No. 3:08-cv-2257-M, 2009 WL 1362276, at *2 (N.D. Tex. May 13, 2009) (noting that "collateral" was sufficient to identify converted property). The alleged taking and sale of the "materials and products owned by Pallets of El Paso" sufficiently establishes a clear repudiation of the Hernandezes' rights, nullifying the need for facts that establish a demand and refusal. *See Fletcher*, 580 S.W.2d at 95. Cordova Rivas argues that the pleadings fail to identify the specific materials or products that were allegedly converted, or the time frame during which it occurred. Mot. 4. This position is unwarranted, as the pleading standard of Rule 8 does not require such detail. *See Twombly*, 550 U.S. at 555; *Wachovia Bank*, 2009 WL 1362276, at *2.

The facts, taken as true, establish that the Hernandezes had a possessory right to materials and products owned by Pallets of El Paso, and that Cordova Rivas took control of this property without authorization and in direct conflict with the Hernandezes' right. The Hernandezes have sufficiently met the pleading requirements set forth under *Twombly* to state a claim for conversion. *See Twombly*, 550 U.S. at 556.

### C. Hernandezes' Counterclaim for Fraud

In his Motion, Cordova Rivas argues that the Hernandezes' counterclaim for fraud also lacks the requisite factual support required under *Twombly* and should likewise be dismissed. Mot. 5. To establish a claim for fraud, a plaintiff must show: (1) that the defendant made a material false representation; (2) that was known to be false or made without knowledge of the

5

truth at the time of its making; (3) intended that it be relied and acted upon; (4) and that it caused injury through reliance. *Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). To survive a Rule 12(b)(6) motion to dismiss, a complaint for fraud must allege sufficient facts to make satisfaction of the above elements plausible on its face. *See Twombly*, 550 U.S. at 570.

Furthermore, according to Rule 9(b) of the Federal Rules of Civil Procedure, a claim for fraud requires greater factual specificity than an ordinary claim. Fed. R. Civ. P. 9(b). A claim for fraud must allege "with particularity the circumstances constituting fraud." *Id.* The Fifth Circuit's interpretation of Rule 9(b) requires the plaintiff to: (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) state when and where the statements were made; (4) and explain why the statements were fraudulent. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th. Cir. 2009) (citing *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th. Cir. 1997)).

Here, the Hernandezes' counterclaim for fraud fails to provide enough factual support to meet the Rule 9(b) pleading standard for fraud. The Hernandezes' counterclaim states, with no particularity, that Cordova Rivas committed fraud by "diversion of property, the conversion of funds, and the diversion of funds for his personal use." Countercl. 2. The counterclaim does not identify Cordova Rivas's fraudulent statement or representation, and it does not state when or where this representation was made. *See Williams*, 112 F.3d at 178-80. Furthermore, there is no explanation of why the representation was fraudulent. *See id.* at 179.

The Hernandezes' counterclaim also fails to meet the more lenient *Twombly* pleading standard. There is only a slight inference of fraudulent representation, which is insufficient. *See Twombly*, 550 U.S. at 555. The Court would have to infer that Cordova Rivas made some representation or statement to the Hernandezes about the alleged converted funds. *See Williams*, 112 F.3d at 180. Furthermore, the Hernandezes do not allege that Cordova Rivas knew or was reckless as to the fraudulent representation. There is also no allegation that a fraudulent representation was made to induce reliance of the Hernandezes. *See Rio Grande Royalty Co. v. Energy Transfer Partners*, 620 F.3d 465, 468 (5th Cir. 2010) (affirming dismissal of a claim for fraud where the pleadings failed to allege that the defendants intended to induce reliance of plaintiffs).

This Court must dismiss the Hernandezes' counterclaim for fraud because it does not meet the pleading standards set forth by Rule 9(b) and *Twombly*. The counterclaim is neither plausible on its face, nor stated with sufficient particularity. *See* Fed. R. Civ. P. 9(b); *Twombly*, 550 U.S. at 570.

### III. CONCLUSION

For the foregoing reasons Cordova Rivas's Motion, ECF No. 43, is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

**SIGNED** on this 17th day of June, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE